UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

RAY POLLYDORE,

                                                Plaintiffs,      **FIRST AMENDED COMPLAINT AND JURY DEMAND**

           -against-

THE CITY OF NEW YORK, ANTHONY J. SARRICA, SHIELD NO. 31527, JOHN DOE SERGEANT, 75TH PRECINCT, JOHN DOE POLICE OFFICERS ##1-6, JOHN DOE SUPERVISING OFFICERS OF THE 75TH PRECINCT ##1-2,

DOCKET #13cv6635(NGG)(JO)

                                                Defendants.      ECF CASE

-------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seek relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claim arises from a February 16, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, malicious prosecution, deprivation of plaintiff's personal property, assault and battery.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiff's state law claims are asserted.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Ray Pollydore is a 54 year old citizen of the United States and at all times here relevant resided in Kings County, City and State of New York. Plaintiff was a teacher at a United Federation of Teachers Charter School.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Anthony J. Sarrica at all times here relevant was an employee of the NYPD assigned to the 75th Precinct and is sued in his individual and official capacities. He was the arresting officer who signed the Criminal Complaint against Plaintiff.

9. John Doe Sergeant 75th Precinct at all times here relevant was an employee of the NYPD assigned to the 75th Precinct and is sued in his individual and official capacities. He was the Sergeant who ordered the arrest of Plaintiff.

10. John Doe Police and Supervising Officers, at all times here relevant, were employees of the NYPD, and are sued in their individual and official capacities.

11. At all times here mentioned defendant police officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF INTENT TO FILE SUIT

12. Within 90 days of the events giving rise to this claim, plaintiffs filed written Notice of

Case 1:13-cv-06635-NGG-JO Document 11 Filed 04/24/14 Page 3 of 9 PageID #: 38

Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On November 1, 2012, during the afternoon hours, Plaintiff scolded his 12 year old son. In no way did Plaintiff abuse his son nor is it alleged that he was abusive in his scolding. The scolding occurred in Mr. Pollydore and his son's home at 427 Ashford Street, Brooklyn, NY.

14. The son left the room after he was scolded, and no further interaction between Plaintiff and his son took place.

15. After some period of time, but no more than two hours after the scolding, Plaintiff realized that his son was not in the house, and began looking for him.

16. Plaintiff went to the 75th precinct to inform the police that his child was missing, and was told he had to wait to file a report. Plaintiff informed the officers who had him in custody of this fact.

17. The son had apparently been found by police officers about two blocks from home. The police officers, apparently transported Plaintiff's son to Brookdale Hospital in Brooklyn.

18. Police officers went to Plaintiff's home and he, his wife and younger son were transported to the 75th Precinct house, where they were questioned about their older son.

19. Plaintiff spoke to the police officers, informing them about exactly what happened and further that when he realized his son was missing, he immediately started to look for him.

20. A detective informed Plaintiff at the precinct house that a sergeant had ordered that he be arrested. He was charged with Endangering the Welfare of a Child. Plaintiff spent approximately 24 hours in custody and was released on his own recognizance at the arraignment.

21. At the next court date all charges were adjourned in contemplation of dismissal, and all

charges were ultimately dismissed. Plaintiff did not commit the charged crime or any crime in connection with this incident.

22. Plaintiff notified the school where he is employed of the arrest, causing him humiliation and harm to his reputation.

23. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

24. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

25. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendment to the United States Constitution to be free from an unreasonable search of plaintiff's person.

    b. Violation of plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from detention and arrest without probable cause;

    c. Violation of his right to Equal Protection and due process under the Law under the Fourteenth Amendment to the United Stated Constitution;

    d. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    e. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f.  Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

g.  Deprivation of familial relationship;

g.  Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

26. The above paragraphs are here incorporated by reference.

27. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution when they falsely arrested him. Defendants are liable to plaintiff under 42 U.S.C. §1983 and § 6 and 12 of the New York State Constitution.

28. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

29. The above paragraphs are here incorporated by reference.

30. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

31. There was no reasonable expectation of successfully prosecuting plaintiffs.

32. Plaintiffs were aware of their confinement and did not consent.

33. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

34. Plaintiffs were damaged by the false arrest, imprisonment, and deprivation of liberty caused by defendants.

## THIRD CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

34. The preceding paragraphs are here incorporated by reference.

35. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

36. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

## FOURTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

37. The above paragraphs are here incorporated by reference.

38. The City, John Doe Sergeant and the John Doe Supervising Officers are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

39. The City, and the John Doe Sergeant knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

40. In addition, the City knows from lawsuits, notices of claim, media reports and civilian complaints that supervising officers, including but not limited to the John Doe Sergeant, have instituted arrest quotas for misdemeanor arrests that put pressure on police officers and detectives to make such arrests regardless of the merits of the arrest. Indeed, according to news sources officers in Brooklyn Precincts have been given lower performance evaluations for complaining about unfair summonses quotas.

41. Furthermore, the City, John Doe Sergeant and the John Doe Supervising Officers are aware, from the same sources, that police officers are insufficiently trained with respect as to what constitutes neglect and otherwise endangering the welfare of a child. It is well known from the same sources that police officers threaten parents and guardians with the prospect of notifying the Administration for Children Services for conduct that does not constitute neglect or abuse or otherwise endangering the welfare of a child. The City and the John Doe Supervising Officers fail to monitor and discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to monitor and discipline officers for making false statements to disciplinary agencies, in addition to failing to monitor false arrests committed by officers. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force and arrests are practiced and incredible testimony goes uncorrected. Additionally, the City, John Doe Sergeant and the John Doe Supervising Officers have isolated the Law Department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City, John Doe Sergeant and the John Doe Supervising Officers have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

42. The City, John Doe Sergeant and the John Doe Supervising Officers knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, John Doe Sergeant and the John Doe Supervising Officers failed to take corrective action.

43. The City, John Doe Sergeant and the John Doe Supervising Officers have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

44. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, John Doe Sergeant and the John Doe Supervising Officers to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

45. Defendants the City, John Doe Sergeant and the John Doe Supervising Officers have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

46. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City, John Doe Sergeant and the John Doe Supervising Officers.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:    Brooklyn, New York
March 17, 2014

TO:    New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Officer Anthony J. Sarrica,
Shield No. 31527
75th Precinct

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com